IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-00927-WDM-BNB

RON HUBBARD,

Plaintiff,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION, a/k/a USAA

Defendant.

_____

## ORDER
_____

This matter arises in connection with the supplemental final pretrial conference held this morning at 9:30 a.m.  Robert E. Markel, one of the lawyers for the plaintiff, appeared for the plaintiff, but plaintiff's lead counsel, Rodney P. Bridgers, did not appear.  Counsel for the defendant appeared.  The proposed final pretrial order was again refused for reasons stated on the record.

By way of background, an initial final pretrial conference was held on September 21, 2006.  The first proposed final pretrial order submitted in connection with that conference was rejected for reasons stated on the record, including among other things a failure by plaintiff's counsel to provide a meaningful summary of the nature and purpose of the testimony of the plaintiff's anticipated witnesses.  See *Order* [Doc. # 97, filed 9/21/2006] at p.1.  I set a supplemental final pretrial conference for November 6, 2006.  Id.  That supplemental pretrial conference was vacated at the request of Mr. Bridgers, see *Plaintiff's Third Motion for Continuance [etc.]* [Doc. # 104, filed 10/6/2006], and a status conference was set for November

27, 2006.  See *Order* [Doc. # 106, filed 10/10/2006].  At the status conference, I reiterated the

problems which had caused me to refuse the first proposed final pretrial order; set a date for the

submission of a supplemental proposed final pretrial order; and set a supplemental pretrial

conference for today, a date expressly approved by Mr. Bridgers.

 Mr. Bridgers previously has objected to any proceedings in this case where he is not

personally present, stating:

> Plaintiff has the right to select his own counsel.  Even though we
> appreciate the Court's request to expedite getting ready for trial,
> undersigned [Mr. Bridgers] respectfully reminds this Court that I
> advised it that the original Scheduling Order was impractical due to
> my involvement in this trial.  The court demands that things be
> completed in my absence effectively prevents Plaintiff the assistance
> and advice of his selected counsel with decisions that effect the
> trial, evidence and witnesses all to the Plaintiff's substantial
> prejudice.  This includes, but in [sic] not limited to forcing other
> counsel with no experience litigating employment discrimination
> and retaliation cases to determine evidence and the scope of what
> any witness may testify to at trial.  It also includes forcing Plaintiff
> to issue settlement demands without the advice of counsel of his
> choosing and counsel experienced in litigating employment
> discrimination and retaliation cases.

*Plaintiff's Motion for Continuance of the Date to Submit Exhibits to Be Offered at Trial,*

*Objections to Exhibits to Be Offered at Trial and the Supplemental Pretrial Hearing* [Doc. #

101, filed 9/29/2006] at ¶6.  Mr. Bridgers also noted that Mr. Markel, co-counsel appearing today

at the supplemental final pretrial conference, "does not have any experience in employment

discrimination and retaliation cases." Id. at ¶5.

 The date and time of the supplemental final pretrial conference were expressly approved

by Mr. Bridgers.  The supplemental proposed final pretrial order [Doc. # 113, submitted

12/28/2006] indicated that Mr. Bridgers would appear for the plaintiff at today's supplemental

final pretrial conference.  *Proposed Final Pretrial Order* [Doc. # 113] at ¶1.(a).  As noted above,

however, Mr. Bridgers did not appear, and he sent in his stead Mr. Markel, whom Mr. Bridgers

has stated is not experienced in employment discrimination and retaliation cases such as this.  No

excuse for Mr. Bridger's absence today was offered, and I was informed that Mr. Bridger's

availability in the future is limited due to a month long trial beginning on January 12, 2007.  I am

unwilling to be held hostage by Mr. Bridger's schedule for another month.  My entry of a final

pretrial order already has been delayed by more than three months due to Mr. Bridger's

unavailability to attend to this matter and his failure to staff the case with co-counsel able to act

on the plaintiff's behalf.

IT IS ORDERED that the supplemental proposed final pretrial order is REFUSED for the

reasons stated on the record this morning.  Those reasons include the plaintiff's continued failure

to provide a meaningful summary of the nature and purpose of the testimony of the plaintiff's

anticipated witnesses.

IT IS FURTHER ORDERED that a second supplemental final pretrial order modified

consistent with the discussion this morning shall be submitted to the court on or before

**January 9, 2007**.  A second supplemental final pretrial conference is set for **January 11, 2007,**

**at 9:00 a.m.**, in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th

Street, Denver, Colorado.

IT IS FURTHER ORDERED that lead trial counsel for all parties must attend the second

supplemental final pretrial conference **in person**.  Should plaintiff's counsel fail to comply with

this order, I intend to award as a sanction the reasonable costs and attorneys' fees incurred by the

defendant in appearing at the supplemental final pretrial conferences today and on January 11.

Dated January 4, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge